## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 25-CR-00637 |
| | ) | |
| JUAN ESPINOZA MARTINEZ | ) | |
| | ) | |

## MOTION FOR DISCLOSURE REGARDING THE SOURCE OF INFORMATION

Now comes Juan Espinoza Martinez, by and through his attorney, Bedi & Singer, LLP, and respectfully requests that this Honorable Court enter an order directing the United States Attorney's Office to disclose the discovery pursuant to Fed. Rule of Criminal Procedure 16, the principles of *Brady v. Maryland*, 373 US 83 (1963), *Giglio v. United States*, 405 US 150 (1982), *Roviaro v. United States*, 353 U.S. 53, 77 S. Ct. 623 (1957) and respectfully requests that this Honorable Court issue an order compelling the Government to make an immediate and full disclosure regarding the identity and background information of government witnesses or Source of Information referenced in the complaint. In support of this request, the Defendant states the following:

1. On October 5, 2025, the government filed a criminal complaint against Mr. Espinoza-Martinez for a single count under 18 U.S.C. § 1958(a). Dkt 1. His arraignment is set for October 17, 2025.

2. The government's entire case rests on the SOI's testimony.

3. The defense is seeking this court order the government to provide any and all information regarding this undisclosed confidential source without delay. The production of this information is clearly mandated by *United States v. Giglio*, 92 S.Ct 763 (1972); *Brady v. Maryland*, 373 US 83 (1963) and *Napue v. Illinois*, 79 S.Ct 1173 (1959).

4. Here, the Source of Information must be produced because he allegedly witnessed and/ or participated in criminal acts and may possess exculpatory information. It is well established that where an informant's testimony may be "relevant and helpful to the defense of an accused," his identity must be disclosed. The Government's qualified privilege to withhold the identity of informants must give way when an informant possesses information that is "relevant and helpful . . . or is essential to a fair determination of a cause." *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *United States v. Jenkins*, 4 F.3d 1338, 1340 (6th Cir 1993); *United States v. Barnett*, 418 F.2d 309 (6 Cir. 1969). Under *Roviaro*, there is no fixed rule with respect to disclosure of a confidential informant, although four considerations are relevant: (1) the crime charged; (2) the possible defenses; (3) the possible significance of the informant's testimony; and (4) other relevant factors. Id. at 62-64. In a case such as this, the testimony of the source of information is vital to the defense. Even where the informant is not called to testify for the Government, the defense may call him. *Lopez-Hernandez v. United States*, 394 F.2d 820 (9th Cir 1968); *Velarde-Villarreal v. United States*, 354 F.2d 9 (9th Cir 1965).

5. When the informant is a participant in an incident which results in the arrest of a defendant, a witness to material or relevant events, or otherwise sets up the arrest, the accused has a right to have the informant's identity disclosed. *Roviaro*, Id.

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that this Honorable Court order the immediate production of information as to the source of information, including:

    A. name,

    B. Date of birth,

    C. criminal history.

    D. Any prior misconduct or bad acts attributed to him or her.

E. Any and all consideration, expectation of consideration, or promises of consideration given to the informant.

F. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the informant.

G. The existence and identification of each occasion on which the informant has testified before the court, grand jury, or other tribunal or body in connection with this or other similar cases.

H. Any and all records and information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or information.

I. The names and criminal numbers of any and all other criminal cases, state or federal, in which the informant has been involved either as informant or as defendant.

J. The informant's written authorization agreement.

WHEREFORE, for the foregoing reasons, Mr. Martinez requests that this Honorable Court order the disclosure of the identity of the confidential informant, as well as any and all information the government has in their possession regarding this source, as their identity is relevant and must be disclosed under *U.S. v. Rovairo.* Furthermore, in the interest of justice, defense counsel seeks leave to file any additional motions, which are contingent on the resolution of the instant motions.

Respectfully Submitted,
By: s/ Jonathan S. Bedi
Jonathan S. Bedi
Bedi & Singer, LLP
53 West Jackson Blvd, Suite 1101
Chicago, IL 60604
Phone: (312) 525-2017
jbedi@bedisinger.com
**Attorney for Defendant**

3

<u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that the foregoing document was filed via the Court's ECF system.

By: <u>s/ Jonathan S. Bedi</u>
Jonathan S. Bedi
Bedi & Singer, LLP
53 West Jackson Blvd, Suite 1101
Chicago, IL 60604
Phone: (312) 525-2017
jbedi@bedisinger.com
**Attorney for Defendant**