UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 25CR00637 |
| | ) | |
| JUAN ESPINOZA MARTINEZ | ) | |
| | ) | |

**REPLY TO THE GOVERNMENT'S RESPONSE'S DISCLOSURE REGARDING THE SOURCE OF INFORMATION**

Juan Espinoza Martinez, by and through his attorney, Bedi & Singer, LLP, replies to the government's response to his motion for pretrial disclosure regarding the source of information (SOI). In support, Mr. Espinoza Martinez states the following:

**FACTS**

On October 5, 2025, the government filed a criminal complaint against Mr. Espinoza Martinez for a single count under 18 U.S.C. § 1958(a). Dkt 1. The government's entire case rests on the SOI's testimony as described in the complaint. According to the SOI, Mr. Espinoza Martinez is a ranking member of the Latin Kings. Dkt 1 at 3. The SOI claims that Mr. Espinoza Martinez dispatched members of the gang to certain areas and instructed them to acquire firearms. *Id.* According to the complaint, the SOI claims that Mr. Espinoza Martinez sent a picture of senior law enforcement and a Snapchat that the government has characterized as a murder for hire plot. *Id.* at 6-8.

In that complaint, the government disclosed that the SOI has legal status in the United States. *Id.* at 3, fn 1. The government claims there are no pending charges or investigations related to the SOI. *Id.* However, the government admits that SOI has a

1

prior felony conviction for a violent offense. *Id.* at 3-4, fn 1. As for payments, the government misrepresented: "To date, SOI-1 has not been paid for any information provided to law enforcement." *Id.* at 4, fn 1. Weeks later, the government corrected that representation, reporting ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨

▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨

The government admitted that "SOI may be assisting law enforcement in the hopes of future payment." *Id.*

Following Mr. Espinoza Martinez' s arrest, the government released a statement and attached the complaint describing the SOI's role, boasting to the public: *Alleged Member of Chicago Street Gang Charged with Soliciting the Murder of Senior Law Enforcement Official Involved in "Operation Midway Blitz." See* United States Attorney's Office, *Press Release* (Oct. 6 2025).[2]

On October 7, 2025, the Court advised the government of its discovery obligations pursuant to Federal Rules of Criminal Procedure 5(f), *Brady v. Maryland*, 373 US 83 (1963), and its progeny. Dkt 6.

On October 14, 2025, the government filed a one count indictment against Mr. Espinoza Martinez, charging him with 18 U.S.C. § 1958(a). Dkt 12.

On October 16, 2025, Mr. Espinoza Martinez filed a motion for pretrial disclosure regarding the identity of the SOI pursuant to Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 US 83 (1963), *Giglio v. United States*, 405 US 150 (1982), and

---

[1] This sentence has been redacted from the public filing because it cites sealed documents. Although counsel does not believe this potion falls under sealing requirements, it has been redacted out of an abundance of caution. *See* Local Rule 26.2.
[2] https://www.justice.gov/usao-ndil/pr/alleged-member-chicago-street-gang-charged-soliciting-murder-senior-law-enforcement.

2

*Roviaro v. United States*, 353 U.S. 53 (1957). Dkt 19 at 1. In that motion for pretrial disclosure, Mr. Espinoza Martinez argued that SOI's identity and background must be disclosed because the SOI witnessed and/or participated in the charged acts. *Id.* at 2.

On October 17, 2025, Mr. Espinoza Martinez pleaded not guilty. Dkt 21. On October 22, 2025, Mr. Espinoza Martinez's trial was set to begin on January 20, 2026. Dkt 27. Mr. Espinoza Martinez's jury trial is only three months away.

On October 24, 2025, the government responded to Mr. Espinoza Martinez's motion for pretrial disclosure of SOI's identity and background. Dkt 30. In its motion, the government complains: "Rather than conferring with the government at this early stage in the case as to whether the government would call SOI-1 at trial and voluntarily disclose SOI-1's identity at that time, defendant instead filed his motion seeking immediate disclosure of SOI-1's identity." *Id.* The government claims that because it currently intends to call the SOI as a witness at trial, the balancing test for pretrial disclosure of its informant's identity as set forth by the Supreme Court in *Roviaro v. United States* is inapplicable. *Id.* at 1.

The government also suggests that SOI's identity is not *Brady* evidence, claiming: "the government is not required to disclose SOI-1's identity in advance of SOI-1's testimony, let alone now, three months before trial." *Id.* at 2. Confusingly, however, the government agrees, "[i]n discovery, the government will of course produce reports and other materials in its possession documenting information provided by and related to SOI-1." *Id.* at 4.

The government admits that it is delaying discovery to defense counsel in this

3

case because, according to the government, SOI is afraid of the defendant and members of the public. *Id.* at 3. When the government's constitutionally required disclosure will occur is unclear, but the government assures "at trial the government will voluntarily disclose SOI-1's identity and produce related discovery at the appropriate time." *Id.* at 1. The government claims it might even disclose the SOI's identity to defense counsel when the witness list is due, unless it changes its mind; "if the government determines it necessary to seek relief from disclosing SOI-1's identity at the time witness lists are made due by this Court, the government will confer with defense counsel, and, if necessary, file an appropriate motion." *Id.* at 4.

## ARGUMENT

Mr. Espinoza Martinez requests the immediate disclosure of the SOI's identity, background, and other favorable evidence under *Brady* and its progeny. Dkt 6. Mr. Espinoza Martinez's trial is only three months away, so timely discovery is crucial to allow defense counsel to review discovery, conduct a proper investigation, and complete pretrial litigation. Dkt 27.

The government has limited privilege to withhold the SOI's identity, but that privilege must give way in Mr. Espinoza Martinez's case. It is well-established that district courts have the authority to order pretrial disclosure of the identity of the government's witnesses. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). Focusing on the significance of the witness, the Supreme Court in *Roviaro v. United States* found that the government's interests in protecting the witness's identity must be weighed against the defendant's rights to a fair trial. Here, the *Roviaro* factors clearly weighs in Mr. Espinoza

4

Martinez's favor requiring pretrial disclosure of the SOI's identity. The fact that the government intends to call the SOI as a witness at trial is irrelevant because the defense's trial preparation and own witness list is "a matter for the accused rather than the Government to decide." *Id.* at 64.

The Court must order immediate pretrial disclosure related to the SOI in this case because: (A) SOI's identity, background, and other information are clearly *Brady* evidence; (B) *Roviaro*'s balancing test considers the government's interest to the public against Mr. Espinoza Martinez's rights to a fair trial; (C) assessing the *Roviaro* factors, the factors clearly weighs in Mr. Espinoza Martinez's favor; and (D) the government's stated intentions to call the SOI as a witness at trial is irrelevant.

### A. SOI's identity, background, and other information are clearly *Brady* evidence

Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. *California v. Trombetta*, 467 U.S. 479, 485 (1984). To safeguard that right, the United States Supreme Court has developed what is loosely called the area of "constitutionally guaranteed access to evidence." *Id.* The most rudimentary of the access-to-evidence cases is *Brady v. Maryland*, which provided defendants with the right to obtain from the prosecution evidence that is material to their guilt or punishment. 373 U.S. 83 (1963). Under *Brady* and its progeny, the government has an affirmative duty to disclose evidence that is favorable to the defendant. *Id.*; *see also Kyles v. Whitley*, 514 U.S. 419, 432 (1995). Favorable evidence includes impeachment evidence as well as exculpatory evidence. *See Giglio v. United States*, 405 U.S. 150, 154 (1972); *United States v. Bagley*, 473 U.S. 667, 676

(1985).

The government's argument that the SOI's identity is not *Brady* evidence, so "the government is not required to disclose SOI-1's identity in advance of SOI-1's testimony, let alone now, three months before trial" defies common sense and case law. Dkt 30. at 2.

First, the government agrees that as part of its pretrial discovery obligations, "the government will of course produce reports and other materials in its possession documenting information provided by and related to SOI-1." *Id.* at 4. The government's arguments are inconsistent: it is hard to see how "information" related to SOI is constitutionally required pretrial discovery, but SOI's identity is not.

Second, the case law is clear that a witness's identity must be disclosed if the witness has favorable evidence to the defense. To square its inconsistencies, the government conflates its judicial requirements to provide a witness list to defense counsel with its constitutional obligations to provide favorable evidence to the accused. *See United States v. Villareal*, 752 F. Supp. 851, 852 (N.D. Ill. 1991) ("The government is under no obligation to provide a defendant with a list of potential government witnesses in non-capital cases. However, to the extent that defendant's requests for witnesses seek disclosure of the identities of persons who can provide information favorable to the accused which is material to guilt, the government, pursuant to *Brady*, must furnish the defendant with the identities of these persons.") (internal citations omitted). There is no doubt the SOI has favorable evidence to Mr. Espinoza Martinez's case, therefore the SOI's identity is *Brady* evidence.

In its complaint, the government admits that the SOI has a violent felony; the

6

defense cannot investigate the SOI's violent offense for impeachment purposes if the government withholds the SOI's identity. Dkt 1 at 3-4, fn 1. The government also claims the SOI has legal status; but the defense cannot investigate the SOI's status if the government withholds the SOI's identity. *Id.* The defense also cannot simply hope that the government fully investigates the SOI's legal status and the impact of the SOI's violent offense on that status. The government has already had to correct its earlier statement that ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ The defense cannot investigate the SOI's role and credibility as an informant in prior cases for impeachment without the SOI's identity. The government's suggestion that the SOI's identity, as the most critical witness in this case, is not *Brady* evidence is baseless.

Additionally, any argument by the government that it can delay constitutionally required disclosure to defense counsel based on its own public safety concerns must be squarely rejected. *See United States v. Alex*, 791 F. Supp. 723, 729–30 (N.D. Ill. 1992) ("In addition, the government has promised to produce all impeaching information within the scope of *Giglio*, except as to any witness who could be endangered by such pretrial disclosure one week prior to trial. We disagree with the government that this is a valid reason to withhold the production of *Giglio* material.").

## B. *Roviaro*'s balancing test considers the government's interest to the public against Mr. Espinoza Martinez's rights to a fair trial

In *Roviaro v. United States*, the Supreme Court held that the government has a privilege to withhold a witness's identity, but that privilege is limited. 353 U.S. 53, 59 (1957). The Court explained that the "scope of the privilege is limited by its underlying purpose." *Id.* at 60. The purpose of the privilege is the furtherance and protection of the

7

public interest in effective law enforcement. *Id.*

There are three limitations to the privilege. First, where the disclosure does not reveal the witness's identity, the disclosure is not privileged. Second, once the witness's identity has been disclosed "to those who would have cause to resent the communication," the privilege is waived. *Id.* Finally, and most significantly, the government's privilege is limited by "the fundamental requirements of fairness." *Id.*

Focusing on the third limitation, the Supreme Court explained where the disclosure of a witness's identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. To make this determination, the Court rejected a fixed rule and instead opted for a balancing test. *Id.* at 62. If the government asserts its privilege to withhold a witness's identity over the defendant's request, the court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* The court is to consider "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.*

Turning to the facts of the case, the Supreme Court found the trial court committed prejudicial error by allowing the government to withhold its witness's identity over the defendant's repeated disclosure requests. *Id.* at 65. In that case, the defendant was charged with selling heroin, and prior to trial requested the name, address, and occupation of "John Doe." *Id.* at 55. The government objected, arguing Doe's identity was subject to privilege. The defendant's requests for disclosure were denied. *Id.* at 55. At

8

trial, Doe did not testify and instead his role in the case was described by other government witnesses. *Id.* Those other witnesses testified that Doe met with narcotic agents before the defendant joined Doe in his car. *Id.* at 56. Once together, Doe drove the defendant to pick up the package of heroin. *Id.* at 56-57. Doe and the defendant were thereafter arrested.

The Supreme Court found: "The circumstances of this case demonstrate that John Doe's possible testimony was highly relevant and might have been helpful to the defense." *Id.* at 63-64. The Court explained that the defendant and Doe were "alone and unobserved during the crucial occurrence for which he was indicted." *Id.* at 64. The Court reasoned that Doe's "testimony might have disclosed an entrapment," might have cast doubt on the defendant's identity, or might have cast doubt on the package's identity. *Id.* The Supreme Court concluded: "The desirability of calling John Doe as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide." *Id.*

Since then, district courts have used *Roviaro*'s balancing test to determine whether the government must disclose its witness's identity following a request by the defense. For example, in *United States v. Delgado*, the defense filed a motion to compel the pretrial disclosure of the confidential informant's (CI) identity. No. 02 CR 50002-4, 2002 WL 1467653, at *1 (N.D. Ill. July 3, 2002). In that case, the CI told agents where a marijuana shipment was arriving, so the agents followed the van and arrived at the CI's home where the defendants delivered the package. *Id.* The court found: "Assessing the *Roviaro* factors, the balance tips in favor of Delgado." *Id.* The court found that because

the CI played a significant role in the case, his "testimony will surely be relevant to the accused." *Id.*

C. **Assessing the *Roviaro* factors, the factors clearly weigh in Mr. Espinoza Martinez's favor**

The SOI is the most important and significant witness in this case. The government has charged Mr. Espinoza Martienz with murder for hire. Dkt 12 (charging one count under 18 U.S.C. § 1958). At trial, the government is required to prove beyond a reasonable doubt that Mr. Espinoza Martinez knowingly made a *quid-pro-quo* for the murder of a senior law enforcement official based on a Snapchat. *See United States v. Caguana*, 884 F.3d 681, 688 (7th Cir. 2018) ("we have said that § 1958 requires a '*quid-pro-quo* between the solicitor and the murderer'").

The SOI is both a witness to and participant in the charged crime. The complaint claims:

> SOI-1 reported to law enforcement that (*sic*) that ESPINOZA MARTINEZ, on behalf of the Latin Kings, had solicited members of the Latin Kings and others to harm or murder Victim A. Specifically, according to SOI-1, ESPINOZA MARTINEZ sent a picture of a senior law enforcement member of the Border Patrol Operation 'Midway Blitz,' followed by the below message, to SOI-1 via Snapchat.

Dkt 1 at 6-7. As the Supreme Court highlighted in *Roviaro*, SOI and Mr. Espinoza Martinez were "alone and unobserved during the crucial occurrence for which he was indicted." *Roviaro*, 353 U.S. at 64. Allowing the government to withhold or delay the disclosure of SOI's identity to defense counsel under these circumstances offends the notions of fundamental fairness. Mr. Espinoza Martinez must be able to investigate the SOI's credibility, which will include his prior violent felony, his legal status, his payments

10

for prior testimony, and any payments for his future testimony. Dkt 1 at 3-4, fn 1. These points of impeachment require time-intensive reviews, investigations, and potential litigation that all stem from SOI's identity and background. *See Illinois v. Gates*, 462 U.S. 213, 244 (1983). These considerations strongly weigh in Mr. Espinoza Martinez's favor.

By contrast, the government summarily claims "SOI-1 fears retaliation from the defendant and the Latin Kings, and those fears are not irrational." Dkt 31 at 3. But the government is not permitted to delay or withhold critical evidence from defense counsel because of its own public safety determinations. *See Alex*, 791 F. Supp. at 729–30. The government only has a limited privilege to withhold the SOI's identity—a privilege that is significantly diminished here.

First, the government currently intends to waive its privilege at trial, meaning the disclosure of SOI's identity is not a matter of if, but when. *See* Dkt 30 at 1. Mr. Espinoza Martinez's jury trial is only three months, making immediate discovery critical so that defense counsel has enough time to review discovery, conduct its own investigation, and complete pretrial litigation.

Moreover, the government's boilerpoint safety concerns for SOI can be significantly minimized by its protection order. Dkt 31 at 1. A witness's fear of retaliation for testifying is a common problem that this Court and parties are well equipped to address. *Id.* Any heightened interest in this case contributing to the SOI's fears must be attributed to the government, who has continuously publicized and politicalized this case. Immediate disclosure of the SOI's identity to defense counsel is required to ensure fundamental fairness.

11

### D. The government's stated intentions to call the SOI as a witness at trial is irrelevant to *Roviaro*'s balancing test for pretrial disclosure

The government argues that the defense's "cases address under what circumstances the government may withhold the identity of certain government informants *who the government does not call as a witness at trial*. Those cases are therefore inapplicable because the government intends to call SOI-1 as a witness at trial." *Id.* at 1. That logic fails for several reasons.

First and most obvious, the government can change its mind, at any time, as to what witnesses it calls at trial. If the government ends up *not* calling the SOI at trial, Mr. Espinoza Martinez is in the same position as the defendant in *Roviaro*—unable to call the SOI on his own behalf. Mr. Espinoza Martinez's access to pretrial disclosure regarding the most important witness in this case does not ebb and flow with the government's most current intentions or desires. Rather, "[t]he desirability of calling [SOI] as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide." *Roviaro*, 353 U.S. at 64. The Supreme Court's decision in *Roviaro* confirms that the government's current desire to call the SOI as its witness does not dictate or preclude the defendant's pretrial preparation or witness list.

Beyond its limited privilege, the government has expressed no right to withhold or delay disclosure of undeniably relevant evidence that goes to Mr. Espinoza Martienz's guilt or innocence. The weakness of the government's argument is exposed by its cited cases. Dkt 30 at 1. First, the cited *Maxwell* case does not support the government's distinction. Dkt 30 at 1. In *United States v. Maxwell*, the Seventh Circuit recited the balancing test in *Roviaro* and affirmed the district court's decision after "[t]he district

12

court concluded that [informant]'s identity did not need to be revealed because she acted as a mere tipster and was unlikely to testify at trial." 143 F.4th 844, 856 (7th Cir. 2025).

The government also cites a district court case from Georgia, cherry-picking a quote in support of its distinction. *Dkt* 30 at 1 (citing *United States v. Ruiz*, 2023 WL 3562970, at *4 (N.D. Ga. May 19, 2023)). However, the district court in *Ruiz* explained it was the magistrate judge who relied on dicta to find *Roviaro* inapplicable to cases where the government intends to call the confidential informant at trial; but "even considering the *Roviaro* balancing test, the Court still would not order disclosure." *Ruiz*, No. 1:21-CR-426-MLB, 2023 WL 3562970, at *4. In contrast to the government's out of circuit case, a district court in the Seventh Circuit has rejected any such distinction. *See United States v. Ivory*, No. 08-CR-333, 2009 WL 398122, at *4 (E.D. Wis. Feb. 18, 2009) ("It appears that some of the confidential informants listed by defendant Lewis may meet the *Roviaro* criteria and, therefore, their identities would be subject to disclosure, even if the government will not be calling them as witnesses in its case in chief. *Roviaro* does not require disclosure of a confidential informant only if the informant will be a witness for the government at trial.").

Wherefore, Mr. Espinoza Martinez requests the immediate disclosure of the SOI's identity, background, and other requested evidence pursuant to Federal Rule 16, *Brady v. Maryland*, *Giglio v. United States*, and *Roviaro v. United States*.

Respectfully Submitted,
By: s/ Courtney L. Knippen
Courtney L. Knippen
Jonathan S. Bedi
Dena M. Singer
Bedi & Singer, LLP

13

53 West Jackson Blvd, Suite 1101
Chicago, IL 60604
Phone: (312) 525-2017
jbedi@bedisinger.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that the foregoing document was filed via the Court's ECF system.

By: s/ Jonathan S. Bedi
Jonathan S. Bedi
Bedi & Singer, LLP
53 West Jackson Blvd, Suite 1101
Chicago, IL 60604
Phone: (312) 525-2017
jbedi@bedisinger.com
**Attorney for Defendant**