UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN ESPINOZA MARTINEZ | No. 25 CR 637<br><br>Magistrate Judge Heather K. McShain |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR RELEASE**

The United States of America, by ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, respectfully submits its response to defendant's motion for release (Dkt. 46):

Defendant Juan Espinoza Martinez was charged by complaint on October 5, 2025 with murder for hire in violation of Title 18, United States Code, Section 1958(a). Dkt. 1. He was later indicted for the same offense on October 14, 2025. Dkt. 12. This case is set for trial on January 20, 2026. Defendant initially waived without prejudice his right to a bond determination hearing. Dkt. 15. Through the instant motion, he now seeks release. Dkt. 46. His motion should be denied.

The Bail Reform Act authorizes a judicial officer to detain a defendant pending trial when the judge finds "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Detention is appropriate if the defendant poses either a flight risk or a danger to the community. *See United States v. Messino*, 842 F. Supp. 1107, 1110 (N.D. Ill. 1994). The government must establish risk of flight by a preponderance of the evidence, *United States v. Portes*,

786 F.2d 758, 765 (7th Cir. 1985), and danger to the community by clear and convincing evidence, 18 U.S.C. § 3142(f).

Here, the Court should deny defendant's motion for release because he poses a danger to the community.

### Danger to the Community

Defendant is a danger to the community based on clear and convincing evidence. On or about October 3, 2021, defendant sent a picture of Victim A, a senior law enforcement member, to an individual (SOI-1) followed by the messages: "2k on infu cuando lo agarren," "10k if u take him down," and "LK [with emojis] on him," which on its face conveyed an offer by the Latin Kings to murder Victim A in exchange for $10,000. Dkt. 1 (Complaint) at 2, 6. Defendant was later interviewed by law enforcement and during the interview shown a picture of these messages, after which he admitted to learning of and transmitting the information contained in the messages. Dkt. 24 (Application in Support of Search Warrant) at 7–8.

Defendant also claimed that he was a member of the Latin Kings to SOI-1. Dkt. 1 at 2–3. Defendant even sent messages to SOI-1 to corroborate his claim, including, on October 4, 2025, after a shooting involving the United States Border Patrol in the Brighton Park neighborhood of Chicago, Illinois, defendant sent messages to SOI-1 indicating he had dispatched members of the Latin Kings to the area of 39th and Kedzie in response to the shooting, and had further instructed members of the Latin Kings to acquire firearms and hang out in the area of 26th Street and South Drake Avenue. *Id*. at 2–3.

Law enforcement's later review of defendant's phone revealed conversations that further corroborated defendant's claim to being a Latin King, including conversations in which the other participant referred to defendant as "King," Dkt. 24 at 8, and a conversation in which defendant himself referred to the "Kings" as "my guys," telling an unknown individual around the time of immigration enforcement operations in Chicago that "its going down bro," "my guys are ready in the vill," and "saints, sds, and 2six being bitches" (an apparent reference to other gangs). Dkt. 24 at 8–9. The unknown individual then stated, "Damn what they on," with defendant responding "bs," "they haven't teken non from the vill," "n they wont," "Kings on they ass n theu scared," and "Chapo has our back bro. if they take one its gunna be bad." *Id*. When the unknown individual responded by saying, "Just keep dem Ice mfs from taking any of yall ppl," defendant stated, "Sinaloa dont fuck around." *Id*. at 9.

At the same time defendant was, by his own admission, transmitting the information regarding a bounty on Victim A to another person, *id*. at 7, he was also engaged in two separate social media conversations about the potential purchase of a firearm, *id*. at 10–11. In one conversation from October 5, 2025, an unknown individual sent defendant a message asking, "You still need the ruger," followed by a picture of a Ruger pistol, after which defendant responded, "not yet bro," with the unknown individual then asking, "how soon bro." *Id*. at 11. In another conversation from October 5, 2025, defendant saved a picture of a pistol with a gold-covered slide with the message, "Available fam , 1600 extra mag and shipping." *Id*. at 12.

3

All of this belies defendant's claim that he presents no danger to the community. He should be detained pending trial because he poses a risk of further participation in violent criminal acts and planning. While defendant may have no criminal history, the other factors the Court considers under Title 18, United States Code, Section 3142, including the nature and circumstances of the offense, the weight of the evidence, and the nature and seriousness of danger to the community all strongly weigh in favor of detention.

## CONCLUSION

For the reasons stated above, the government respectfully requests that the Court deny defendant's motion for release.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: */s/Bradley Tucker*
BRADLEY TUCKER
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
November 24, 2025           Chicago, Illinois 60604