UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN ESPINOZA MARTINEZ | No. 25 CR 637<br><br>Honorable Joan H. Lefkow |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
OBJECTIONS TO GOVERNMENT'S PROPOSED EXHIBITS**

The United States of America, by its attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, respectfully responds to defendant's Objections to Government's Proposed Exhibits (Dkt. 91) as follows:

### 1. Government Exhibits 101-1 through 106TR

The defendant's objections are pending the Court's ruling on motions *in limine* and the government reserves the opportunity to respond at the appropriate time.

### 2. Government Exhibit 201-T

The parties will confer on the disputed translation. Any remaining dispute about the translation can be addressed at trial and is not a basis for exclusion.

### 3. Government Exhibits 204T, 204, and 205

At trial, the government anticipates that SOI-1 will lay the foundation for these exhibits, which are photographs that SOI-1 took. Specifically, SOI-1 will testify that these exhibits are photographs of messages with the defendant. SOI-1 will further testify that the defendant sent these messages in continuation of the same conversation (depicted in Exhibit 201-T) during which the defendant sent SOI-1 the details about the murder-solicitation.

These exhibits reflect that the defendant sent to SOI-1 (i) words, (ii) a video, (iii) and a screenshot of another conversation. The words are statements by party opponent. The video contains statements that are not offered for their truth, but their effect on the defendant's mind. Alternatively, it is an adopted statement by the defendant offered by a party opponent because he sent the video to SOI-1. As to the screenshotted conversation, at trial, the government anticipates that the evidence (which include defendant's admissions about this same message during the post-arrest interview) will establish that the screenshotted conversation is between the defendant and another user. Accordingly, within that conversation, the defendant's statements are admissible and the other user's statements are not being offered for their truth but to simply provide context for the defendant's statements. The jury can be instructed as such.

4. **Government Exhibits 302 and 303**

These exhibits are plainly relevant. Both exhibits are photographs of the defendant's phone taking during the post-arrest interview after the defendant consented to a search of his phone. Defendants discussed both exhibits during his post arrest interview. Both photographs show message threads in which the defendant is a participant. Exhibit 302 displays the same conversation that the defendant sent to SOI-1 (as is depicted in Exhibits 204 and 204-T). Exhibit 303 includes messages that defendant sent close in time[1] to the murder-solicitation sent to SOI-1. Defendant sent the messages depicted in Exhibit 303, which include the

---

[1] While not evident on the face of this particular exhibit, other evidence (including exhibit 608, the version of this conversation digitally extracted from the defendant's phone) will establish the timing.

2

statement "Kings on they ass n theu scared" a day after sending the same user a photograph of Gregory Bovino (as depicted in Exhibit 301). The defendant's statements in these exhibits are admissible while the statements of the other participants are to provide context for defendant's statements.

   5. **Government Exhibit 402T.**

The parties will confer on the disputed translation. Any remaining dispute about the translation can be addressed at trial and is not a basis for exclusion. As to the photograph of the firearm, the Court denied the defendant's motion *in limine* to exclude it.

   6. **Government Exhibits 405 and 405T**

The government incorporates by reference its response to the defendant's objections to Exhibits 204, 204T and 205. As with those exhibits, in government Exhibits 405 and 405T, the defendant transmitted the same video and screenshotted conversation.

   7. **Government Exhibits 502**

Exhibit 502 is relevant because it is evidence that the defendant is the user of the phone which is alleged to be a facility of interstate commerce.

8. **Government Exhibit 604 and 604T, 605 and 605T, 608 and 608T, 609 and 609T**

Statements made by the other participants in these conversations are not for the truth of the matter and only to provide context for the defendant's statements. To the extent that the defendant is sending content (such as screenshots) that embed other individual's statements. Those statements are offered for their effect on the defendant's mind; or, alternatively, are statements adopted by the defendant that are being offered by a party opponent.

                Respectfully submitted,

                ANDREW S. BOUTROS
                United States Attorney

By:    *s/Minje Shin*
        Minje Shin
        Jason Yonan
        Assistant United States Attorneys
        United States Attorney's Office
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5300