**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25 CR 637 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| JUAN ESPINOZA MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Juan Espinoza Martinez has filed objections (dkt. 91) to the government's proposed exhibits. Rulings are as follows:

1. Government Exhibits 101-1 through 106TR: **Ruling reserved.**
2. Government Exhibit 201T: **The parties are ordered to confer regarding translation.**
3. Government Exhibits 204T, 204, and 205: **Overruled.**
4. Government Exhibits 302 and 303: **Overruled.**
5. Government Exhibit 402T: **The parties are ordered to confer regarding translation; otherwise overruled.**
6. Government Exhibits 405 and 405T: **Sustained in part, overruled in part.**
7. Government Exhibit 502: **Overruled.**
8. Government Exhibits 604 and 604T, 605 and 605T, 608 and 608T, 609 and 609T: **Overruled in part, ruling reserved in part.**

Relatedly, the court clarifies its prior order regarding gang membership and affinity (dkt. 92) as follows: Parties are barred from engaging in questioning regarding gang membership, gang affiliation, or gang affinity. Parties may, however, question witnesses about the meaning of their own statements.

Finally, the parties are directed to confer with the court at 9:00 a.m. on January 20, 2025, to address any objections to Exhibits 101-1 through 106TR.

## STATEMENT

The government charged defendant with one count of using a facility of interstate commerce with intent that a murder be committed, in violation of 18 U.S.C. §§ 1958(a) and 2. (Dkt. 12.) Trial is set to begin January 20, 2026. Before the court are defendant's objections to the government's proposed exhibits.

**1. Objections to Government Exhibits 101-1 through 106TR.**

Defendant requests to reserve objections to Exhibits 101-1 through 106TR pending the court's ruling on his pretrial motions. Ruling reserved. The parties are directed to confer with the court at 9:00 a.m. on January 20, 2025, to address any objections to Exhibits 101-1 through 106TR.

**2. Objections to Government Exhibit 201T.**

Defendant objects that Exhibit 201T has been incorrectly translated. The parties are ordered to confer prior to the commencement of trial to resolve any translation issues.

**3. Objections to Government Exhibits 204T, 204, and 205.**

Defendant objects to Exhibits 204T, 204, and 205 on the basis that the government lacks foundation for their admission under Fed. R. Evid. 901 and because these exhibits contain impermissible hearsay in violation of Fed. R. Evid. 802. The government asserts that it will be able to lay foundation for these exhibits at trial and that the communications include admissible party opponent statements. Additionally, the government contends that third-party statements included in these exhibits are not offered for the truth of the matter asserted but for context purposes and as statements adopted by defendant.

As always, where there is an objection to foundation, the government will be required to lay foundation at trial in order to introduce its exhibits, including these exhibits, but whether the government has properly laid foundation will be better assessed at trial. The court thus reserves ruling on whether foundation has been laid at this time.

Regarding defendant's hearsay objection, because the government does not intend to introduce the third-party statements for truth of the matter asserted, but rather to provide context, the court finds that these statements are not hearsay. These statements may only be admitted to provide context to defendant's own statements. *See United States* v. *Lewisbey*, 843 F.3d 653, 658 (7th Cir. 2016). These exhibits also include communications received and forwarded by defendant. To be clear, the government is barred from treating communications forwarded by defendant as adopted by defendant. Such statements may, however, be introduced to show their effect on defendant. *See Torry* v. *City of Chicago*, 932 F.3d 579, 585 (7th Cir. 2019).

**4. Objections to Government Exhibits 302 and 303.**

Defendant objects to Exhibits 302 and 303 on the basis that these exhibits are irrelevant and constitute impermissible hearsay. The government asserts the exhibits are relevant because Exhibit 302 shows the same conversation that defendant sent to SOI-1 and Exhibit 303 includes messages that defendant sent close in time to the murder-for-hire solicitation.

Exhibit 302 depicts a Snapchat conversation between defendant and user Bby Spooks D27. Exhibit 303 depicts an iMessage conversation with a contact named "cody adjustable plug." The objections to both exhibits are overruled. The exhibits may be admitted as relevant,

going to the defendant's intent. Defendant's sent messages are not hearsay, as they are party opponent statements. As the government represents it does not seek to offer messages sent to defendant by third parties for their truth, they are not hearsay and so may be admitted for context only. *See Lewisbey*, 843 F.3d at 658.

## 5. Objections to Government Exhibit 402T.

Defendant objects that Exhibit 402T has been incorrectly translated and further restates its previous objections to the exhibit. (*See* dkt. 75 at 3.) The parties are ordered to confer prior to the commencement of trial to resolve any translation issues. Regarding defendant's prior objections to the exhibit, the court applies the reasoning and holding set forth in its prior order. (*See* dkt. 83.)

## 6. Objections to Government Exhibits 405 and 405T.

Defendant objects to Exhibits 405 and 405T on the basis that these exhibits contain impermissible hearsay. The government asserts instead that these communications include admissible party opponent statements. The government further asserts that the third-party statements included in these exhibits are not offered for the truth of the matter asserted but for context purposes and as statements adopted by defendant

Because the government does not intend to introduce the third-party statements for the truth of the matter asserted, but rather to provide context, the court finds that these statements are not hearsay. To be clear, these statements by third parties may only be admitted to provide context to defendant's own statements, and not for the truth of the matter asserted. *See Lewisbey*, 843 F.3d at 658. Additionally, the government may not treat content forwarded by defendant as an adopted statement. Such content may, however, be introduced to show its effect on defendant. *See Torry*, 932 F.3d at 585 (7th Cir. 2019).

Nevertheless, portions of Exhibits 405 and 405-T include irrelevant evidence that is not admissible. *See* Fed. R. Evid 402. Specifically, in 405 and 405-T, there is a standalone communication that includes, as translated in 405-T, the following: "We delivered 51 residences in just 1 day! Call us: 1-855-M..." [*sic*]. This standalone communication has no relevance to this action, and the communication should be redacted from both 405 and 405-T.

## 7. Objections to Government Exhibit 502.

Defendant objects to Exhibit 502, a consent to search form signed by defendant, on the basis that the exhibit is irrelevant, as defendant does not challenge that he consented to the search of his cell phone, nor does he assert that the search was unlawful. In response, the government asserts that the consent form is evidence that the defendant is the user of the phone—an alleged facility of interstate commerce. The exhibit is admissible for this purpose.

8. **Objections to Government Exhibits 604 and 604T, 605 and 605T, 608 and 608T, 609 and 609T.**

Defendant objects to Exhibits 604 and 604T, 605 and 605T, 608 and 608T, and 609 and 609T on the basis that these exhibits contain, in addition to statements made by defendant, inadmissible hearsay from third parties. In response, the government asserts that any third-party statements will be introduced only to provide context for defendant's statements and that content forwarded by defendant is introduced as statements adopted by defendant, or alternatively, statements offered for their effect on defendant's mind.

Because the government does not intend to introduce the third-party statements for truth of the matter asserted, but rather to provide context, the court finds that these statements are excepted from the hearsay. To be clear, the government may only introduce such statements to add context to defendant's own statements. *See Lewisbey*, 843 F.3d at 658. The government is also barred from treating forwarded content sent by defendant as statements adopted by the defendant. These statements may, however, be introduced to show their effect on defendant. *See Torry*, 932 F.3d at 585.

Nevertheless, Exhibits 604 and 604-T include references to gangs. Specifically, the defendant remarks on the absence of gang presence, apparently at the scene where people were to gather to attack Bovino. If the government does not intend to prove that defendant solicited these gangs to show up, the admission of this evidence would be unfairly prejudicial. The government may proffer any such evidence before these statements are offered. As such, ruling is reserved as to Exhibits 604 and 604-T.

Date: January 16, 2026

_____
U.S. District Judge Joan H. Lefkow