1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA          )   Case No. 25 CR 637
                                  )
        v.                        )
                                  )
                                  )
JUAN ESPINOZA MARTINEZ,           )   Chicago, Illinois
                                  )   January 20, 2026
              Defendant.          )   3:09 p.m.


                    JURY SELECTION
    EXCERPT OF THE TRANSCRIPT OF PROCEEDINGS - JURY TRIAL
          BEFORE THE HONORABLE JOAN H. LEFKOW

APPEARANCES:

For the Government:    HONORABLE ANDREW S. BOUTROS
                       UNITED STATES ATTORNEY
                       BY:  MR. MINJE SHIN
                            MR. JASON A. YONAN
                       Assistant United States Attorneys
                       219 South Dearborn Street
                       Chicago, Illinois 60604

For the Defendant:     BEDI & SINGER, LLP
                       BY:  MR. JONATHAN S. BEDI
                            MS. DENA M. SINGER
                       53 West Jackson Boulevard, Suite 1101
                       Chicago, Illinois 60604

Court Reporter:        NANCY L. BISTANY, CSR, RPR, FCRR
                       Official Court Reporter
                       219 S. Dearborn Street, Room 1706
                       Chicago, Illinois 60604
                       (312) 435-7626
                       nancy_bistany@ilnd.uscourts.gov


**NOTE:  Certain proceedings were had not herein transcribed.)**


                   *   *   *   *   *


              PROCEEDINGS REPORTED BY STENOTYPE
    TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

* * * * *

(Proceedings heard in open court; defendant present:)

THE CLERK:  All rise for the jury.

(Venire in.)

THE COURT:  You may be seated.

I think we have a jury.  I'm going to ask my courtroom deputy, Ms. Scherer here, to identify the names of the people who have been selected to serve on the jury.

So if your name -- if you're in the jury box and your name is not called, I would just ask you to, you know, leave or leave the jury box so the actual members can be seated.

Now, just to explain, we give lawyers a limited opportunity to excuse potential jurors without giving an explanation.  We call that a peremptory challenge.  This is done to ensure that the actual trial we end up is a jury that is not only fair and impartial but also a jury in which these parties have confidence.

If you should ultimately be excused, please don't take it personally, but remember that the lawyers are making judgments which they believe are in their clients' interests.

So now I am going to ask that the jury be announced.

THE CLERK:  Yes, the jury is as follows:

Waleed Isied, No. 1.  No. 3, Milan Eapen.  No. 6, Patricia Pena.  No. 7, Qasim Baig.  No. 11, Surrunda Brackett.  No. 13, Lindsay Ambrose.  No. 16, Elizabeth Stickman.  No. 17,

Amanda Khalil. No. 18, April Tagle. No. 21, Joseph Morales. No. 24, Wayne Anderson. No. 26, John Bloedron. No. 28, Adrian Medriano. And No. 36, Nathan Destouches.

THE COURT: Okay. So just for those who are being excused, I want to thank you very much for your participation today. As you can see, it's a rather thorough, very thorough process, and it's very important to the administration of justice to make sure that these parties have a fair trial that you will hear.

So I hope you found it at least somewhat interesting even though it was a long day, but you are now excused from jury service.

(Remaining venire left the courtroom.)

THE COURT: The ones that are serving, I need you to stay. Absolutely, yes.

So please take a seat in the jury box if your name was selected.

(Brief pause.)

THE COURT: Okay. You may be seated, everyone.

All right. The first thing I'll ask you to do is now stand again and be sworn to serve as a juror in this case.

THE CLERK: Please raise your right hand.

You and each of you do solemnly swear that you will well and truly try and true deliverance make in the case now on trial and render a true verdict according to the law and the

evidence, so help you God?

(Chorus of "I do.")

THE COURT: All right. Be seated.

So, ladies and gentlemen, you are now the jury in the case, and I want to take a few minutes to tell you something about your duties as a juror -- as jurors and to give you some instructions.

At the end of the trial, I will give you more detailed instructions, but these -- and those will control your deliberations.

By your verdict, you will decide whether the government has proved all of the essential facts that constitute the charge in this case. My duty is to decide all questions of law and procedure.

From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decisions.

The United States Attorney, having the burden to prove the indictment against the defendant, is given the opportunity to go forward first and present to the jury all of the evidence that they choose to offer to the jury about the case. After the prosecutor is finished, then the defendant is given the opportunity to offer such evidence as he chooses.

Bear in mind, however, that a defendant has the absolute right not to testify and not to call witnesses. They

may do so if they choose. If a defendant does not testify or does not call witnesses, you are not to consider that in reaching your verdict. Moreover, you may not begin to consider what your verdict will be until you've heard all of the evidence that will be offered in the case.

Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

The evidence consists of the testimony of the witnesses, the exhibits admitted into evidence, and any facts that I may instruct you to find or the parties may agree to. We call that a stipulation if they agree to a fact. A stipulation is an agreement between both sides that certain facts are true.

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also have to decide what weight, if any, you give to the testimony of each witness.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. "I saw it," for example.

Circumstantial evidence is proof of a fact or a series of facts that tends to show that some other fact is true. One

example we give, which is a little imperfect, but direct evidence that it is raining is testimony from a witness who said, "I was outside a minute ago, and I saw it was raining. I saw it," right?

Circumstantial evidence it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. When the time comes to deliberate on your verdict, you should consider all of the evidence in the case, including circumstantial evidence.

You should use your common sense in weighing the evidence and consider it in light of your own observations in life.

In our lives we often look at one fact and conclude from that that another fact exists. In law we call this inference. A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

The following things are not evidence, and you must not consider them as evidence in deciding the facts of the case:

First, the attorneys' statements, arguments, questions, objections, or any testimony that I instruct you to disregard and anything you may see or hear when the court is

not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Furthermore, a particular item of evidence is sometimes received for a limited purpose; that is, it can be used by you only for one particular purpose and not for any other purpose. I'll tell when that occurs and instruct you on the purpose or purposes for which the item can and cannot be used.

You should also pay particularly close attention to such an instruction, because it may not be available to you in writing at the -- later at the end of the case in the jury room.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinion about how this -- how you should decide the case. And if I should sustain an objection to a question that can't be answered because of that, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

At times during the trial, it may be necessary, as you've already seen, for me to talk with the lawyers out of your hearing. We meet because often during a trial something comes up that doesn't involve the jury. As I mentioned before,

sidebars are -- when we have the white noise on, they are necessary and a normal part of the jury trial, and you should not be concerned by the frequency or length nor should you draw any inference against any party who calls for a sidebar.

We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

You may take notes if you wish. Any notes you take during the trial are only aids to your memory. The notes are not evidence. If you do take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When you leave the courthouse during the trial, your notes must be left in the jury room. When you leave at night, they will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

Pay close attention to the testimony as it is given. At the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

If you are unable to hear a witness or a lawyer, please raise your hand immediately, and I will see that it is corrected.

All jurors -- next paragraph. All jurors must follow certain rules of conduct, and you must follow them, too. First, you must not discuss the case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others discuss the case with you.

If anyone tries to talk to you about the case, please let me know about it immediately. You may tell my -- any member of my staff here in the courtroom.

And these two folks over here on the far end by me are my law clerks, so they'll be here frequently, sometimes when I'm not here.

I know that many of you use cell phones, the internet, and other tools of technology. And you must not use these tools to communicate electronically with anyone about the case. This includes your family and friends. You must not communicate with anyone on your cell phone or any iPad, computer, messaging, social media, and all of Facebook and all those other avenues of contact.

You may not use any similar technology or social media site even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of

another juror's violation of these instructions.

If you should encounter any of the lawyers, the defendant, or a witness at one time or another in a public corridor or in a public elevator or, perhaps, during a noon recess in the cafeteria, they will not engage in discussion or conversation with you, so don't be offended. They are simply following the rules.

I also ask you not to engage in any conversation with any party, witness, or attorney, even with small talk.

There are two exceptions to what I have just said. First, you may, of course, tell your family and your employer that you have been selected as a juror; and second, you may tell them what the schedule will be. However, do not tell them anything more. Do not tell them the name of the case, who the lawyers or witnesses are, the nature of the claim or anything about the case until it is completely over.

And I did indicate to you that we are pretty certain that the case will be over this week. And I usually run -- we'll start at 9:15, and we'll do an hour-and-a-half session and then give you a 15-minute recess and then another hour-and-a-half session, or thereabout, you know, a little bit flexible. Then you'll take a lunch break and come back for two more hour-and-a-half sessions.

So it's a pretty long, intense day, but we'll try to move it along as expeditiously as possible. If you're having a

problem or think you may have a problem with your employer, please let us know by way of a note, and we can send a letter to your employer that you're required to be here on jury service.

You must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

You as jurors must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about the case, anyone involved in the case, the issues in the case. And in other words, you should not consult anything but what's given to you here in the courtroom. That even includes dictionaries and reference materials, you know, websites, blogs, or any other source of information.

If you need to communicate with me, you must give a signed note to one of my staff members, who can give it to me.

Finally, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

When we take a break, whether for lunch or, you know, at the end of the day, I will give you a start time to come back. So I ask you, especially in the morning, to try to be

here on time.  We will -- do we get to give them coffee?

THE CLERK:  Yes.

THE COURT:  And a snack of some sort?

So when you arrive, there should be a little bit of a, like, continental breakfast-type food available for you, so that might save you a few minutes.

But just remember that if there's one of you who is late or any of these attorneys are late or, you know, the witness, then we can't go.  So it's really important that everybody do their best to be on time.  I hope the weather cooperates.

Sometimes, however, that being said, the trial may not start promptly at the time I gave you.  The delay has been caused by my other duties, which cannot be put aside.  When a trial is interrupted or delayed for any of these reasons, I ask you to be patient for the sake of the parties who rely on you for a just verdict.

As you are not allowed to bring beverages into the courtroom, such as coffee or tea -- oh, I've already told you we'll have some snacks for you.  You can bring a bottle of water if you would like, but other drinks please don't bring into the courtroom.

Okay.  So that's all I have as a preliminary instruction.  Do you have any questions about what I've said so far?  No questions.  Okay.  Good.

So we will stop for today, and we'll resume tomorrow at 9:15.  So if you can be here a few minutes early, that's good, so you'll have a little time to relax in the jury room and have a little breakfast.

Thank you.  Thank you for your presence here and your willingness to serve.  And with that, we are adjourned.

THE CLERK:  All rise.

(Jury out.)

(Adjournment at 3:30 p.m. until 9:15 a.m., 1/21/2026.)

* * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/S/Nancy L. Bistany*                    *February 5, 2026*
_____          _____
Nancy L. Bistany                         Date
Official Court Reporter